IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM PAUL DETERDING, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07cv3029 |
| | ) | |
| vs. | ) | ORDER on INITIAL REVIEW |
| | ) | and IFP MOTION |
| LANCASTER COUNTY | ) | |
| MENTAL HEALTH BOARD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the civil rights complaint filed by the plaintiff, William Paul Deterding, who is in the custody of the Lincoln Regional Center ("LRC") apparently pursuant to an involuntary mental health commitment by the Lancaster County Board of Mental Health, presumably on the grounds that he is mentally ill and dangerous. However, the plaintiff has been informed by at least one physician and a social worker that he does not need to be at the LRC, and his requests for information and assistance are not being answered.

**IFP**

Also before the court is the plaintiff's Motion to Proceed in Forma Pauperis ("IFP"). The Prison Litigation Reform Act ("PLRA") does not apply to persons in custody pursuant to the Mental Health Commitment Act. The definition of "prisoner" in the PLRA does not include a person involuntarily committed for reasons of mental health. See, e.g., Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001). Because the PLRA does not apply to the plaintiff, he is not required to pay the filing fee. As he qualifies financially and his complaint is not frivolous, filing no. 2, the plaintiff's Motion to Proceed IFP, is granted.

**INITIAL REVIEW**

**Must Amend - Proper Defendant(s)**

This case is assigned to the docket of Senior Judge Warren K. Urbom. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. However, the plaintiff does have to

amend the complaint to name a proper defendant. The plaintiff is now in the custody of the State of Nebraska, through the Nebraska Department of Health and Human Services ("HHS"), which is the agency with supervisory responsibility for the LRC. As the Board of Mental Health cannot provide any relief to the plaintiff in a civil rights action such as this, the plaintiff may amend his complaint to name the State of Nebraska as the proper defendant in this action, and he may, if he wishes, add the Chief Executive Officer ("CEO") of the LRC, in that person's individual and official capacities, if the plaintiff is so inclined.

**Civil Rights - Claims and Remedies**

The doctrine of Ex Parte Young, 209 U.S. 123 (1908), holds that the Eleventh Amendment to the U.S. Constitution does not bar suits for prospective injunctive relief against state officials in their official capacity.

The plaintiff has an ongoing right to due process procedures adequate to ensure his release once he is either no longer dangerous or no longer mentally ill. Foucha v. Louisiana, 504 U.S. 71, 77-83 (1992). Thus, the plaintiff has an entitlement to ongoing reviews and other protections to ensure that the State remains empowered to detain him. If he is being denied due process, he may litigate that claim.

The plaintiff is also entitled to complain about certain conditions of his confinement. In Youngberg v. Romeo, 457 U.S. 307 (1982), the Supreme Court held that a committed individual "enjoys constitutionally protected interests in conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these interests." Id. at 324. The Eighth Amendment "deliberate indifference" standard applied to convicted prisoners is a *minimum* standard of culpability. Dolihite v. Maughon By and Through Videon, 74 F.3d 1027, 1041 (11th Cir. 1996). "[P]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. at 321-22. In addition, "[w]hen a person is institutionalized-and wholly dependent on the State-it is conceded by [the State] that a duty to provide certain services and care does exist, although even then a State necessarily has considerable discretion in determining the nature and scope of its responsibilities." Id. at 315. Thus, a state bears responsibility for providing services, at least to some degree, to involuntarily committed psychiatric patients, and, if appropriate, the plaintiff may seek relief regarding the conditions of his confinement.

Furthermore, involuntary administration of psychotropic medication to a mental patient implicates a liberty interest traceable to the Due Process Clause itself. Washington v. Harper, 494 U.S. 210, 221-22, 227 (1990).

**<u>Claims Reserved for Habeas Corpus</u>**
**<u>Cannot Be Brought in a Civil Rights Case</u>**

Release from custody is the exclusive province of a habeas corpus action and is a remedy which cannot be obtained in a civil rights case such as this one.  See generally <u>Wilkinson v. Dotson</u>, 125 S. Ct. 1242 (2005):  "The Court initially addressed the relationship between § 1983 and the federal habeas statutes in <u>Preiser v. Rodriguez</u> .... [T]he language of the habeas statute is more specific, and the writ's history makes clear that it traditionally 'has been accepted as the specific instrument to obtain release from [unlawful] confinement.' <u>Preiser</u>, 411 U.S., at 486...."   On the other hand, a "prisoner's claim for an injunction barring future unconstitutional procedures" does not "fall within habeas' exclusive domain."  <u>Wilkinson v. Dotson</u>, 125 S. Ct. at 1247.   "[T]he [United States Supreme] Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."  <u>Id</u>.

In order to bring a petition for writ of habeas corpus in this court, the plaintiff must first "exhaust" his state court remedies.  "Exhaustion of remedies" means he must first bring an appropriate appeal from a review of his confinement and litigate the propriety of his confinement in the state courts of Nebraska, all the way through the appellate system.

Under the Nebraska Mental Health Commitment Act, Neb. Rev. Stat. §§ 71-901 to 71-962, an involuntarily committed patient may request a review hearing.  In the alternative, a patient may, but is not required to, seek a writ of habeas corpus in a state court.  <u>In re Interest of Powers</u>, 493 N.W.2d 166, 168-69 (Neb. 1992).  Neb. Rev. Stat. § 71-935 (previously § 83-1046) of the Mental Health Commitment Act "grants the [pertinent mental health] board authority to hold a review hearing upon the subject's motion."  <u>Id</u>., 493 N.W.2d at 168.  The State bears the burden of establishing that the patient remains mentally ill and dangerous and warrants continued involuntary hospitalization.  <u>In re Interest of Dickson</u>, 469 N.W.2d 357, 359 (Neb. 1991).

Whether he seeks a review hearing before the Mental Health Board or a writ of habeas corpus in state court, Mr. Deterding must invoke the appropriate appeal procedures if he does not obtain the relief he seeks.  If Mr. Deterding moves for a review hearing before the Mental Health Board, the Board's decision, if unsatisfactory to Mr. Deterding, must be appealed to the District Court, then to the Nebraska Court of Appeals, followed by a petition for further review in the Nebraska Supreme Court. Then the decision will be "exhausted" and may be the subject of a habeas corpus petition in this court.  In the

alternative, if Mr. Deterding decides to seek a writ of habeas corpus in the Lancaster County District Court, and if the writ is denied, he must appeal to the Nebraska Court of Appeals, followed by a petition for further review in the Nebraska Supreme Court. Thereafter, he may come to this court with a petition for writ of habeas corpus. The point of "exhaustion" is that each level of the Nebraska state court system (District Court, Court of Appeals and Nebraska Supreme Court) must have an opportunity to hear Mr. Deterding's claims before he may file for a writ of habeas corpus in federal district court.

Therefore, if release from custody is the only relief the plaintiff wants, this is not the right type of litigation. A civil rights case is limited to challenging the conditions of the plaintiff's confinement. On the other hand, if the plaintiff does choose to proceed with this case, he shall have until February 26, 2007, to file an Amended Complaint naming proper defendant(s) as discussed above, at which point the court will conduct initial review of the Amended Complaint.

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiff's Motion to Proceed in Forma Pauperis, is granted, and the plaintiff shall have no responsibility for the filing fee in this case;

2. That if the plaintiff wishes to proceed with this litigation, he shall have until February 26, 2007 to file an Amended Complaint naming proper defendant(s), as discussed in this Order, at which point the court will conduct initial review of the Amended Complaint.

DATED this 31st day of January, 2007.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge