IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM PAUL DETERDING, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07cv3029 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| LANCASTER COUNTY MENTAL HEALTH BOARD, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, William Paul Deterding, has elected not to proceed with the above-entitled case and to allow the case to be dismissed without prejudice, in accordance with the options explained in filing no. 5, the Order on Initial Review entered by Magistrate Judge F. A. Gossett on January 31, 2007. Therefore, the plaintiff's complaint and this action are hereby dismissed without prejudice, and judgment will be entered accordingly. As outlined in Magistrate Judge Gossett's Order, the plaintiff retains the options of pursuing the issue of release from custody in a petition for writ of habeas corpus after exhausting his judicial remedies in the district and appellate courts of Nebraska, or of challenging the conditions of his confinement in a civil rights complaint against the State of Nebraska.[1] The law does not permit the plaintiff, however, to seek release from custody in a civil rights action in this court. Therefore, in accordance with filing no. 5 and the absence of an election to proceed with the case thereafter, this action and the plaintiff's complaint are dismissed without prejudice, and judgment will be entered accordingly.

SO ORDERED.

DATED this 24th day of April, 2007.

BY THE COURT:

s/ Warren K. Urbom
United States Senior District Judge

---

[1] The Prison Litigation Reform Act ("PLRA") does not apply to persons in custody pursuant to the Nebraska Mental Health Commitment Act. The definition of "prisoner" in the PLRA does not include a person involuntarily committed for reasons of mental health. See, e.g., Kolocotronis v. Morgan, 247 F.3d 726, 728 (8th Cir. 2001).